# Exhibit A

Fed. R. Civ. P. Rule 5.2, w/ 2007 Notes.

### Rule 5.2. Privacy Protection For Filings Made with the Court

(a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

(b) EXEMPTIONS FROM THE REDACTION REQUIREMENT. The redaction requirement does not apply to the following:

(1) a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;
(2) the record of an administrative or agency proceeding;
(3) the official record of a state-court proceeding;
(4) the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;
(5) a filing covered by Rule 5.2(c) or (d); and
(6) a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255.

(c) LIMITATIONS ON REMOTE ACCESS TO ELECTRONIC FILES; SOCIAL-SECURITY APPEALS AND IMMIGRATION CASES. Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:

(1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
(2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
  (A) the docket maintained by the court; and
  (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

(d) FILINGS MADE UNDER SEAL. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

(e) PROTECTIVE ORDERS. For good cause, the court may by order in a case:

(1) require redaction of additional information; or
(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

(f) OPTION FOR ADDITIONAL UNREDACTED FILING UNDER SEAL. A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.

(g) OPTION FOR FILING A REFERENCE LIST. A filing that contains redacted information may be filed together with a reference list that identifies each item of redacted information and specifies an appropriate identifier that uniquely corresponds to each item listed. The list must be filed under seal and may be amended as of right. Any reference in the case to a listed identifier will be construed to refer to the corresponding item of information.

(h) WAIVER OF PROTECTION OF IDENTIFIERS. A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

(As added Apr. 30, 2007, eff. Dec. 1, 2007.)

COMMITTEE NOTES ON RULES—2007

The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law 107–347. Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." The rule goes further than the E-Government Act in regulating paper filings even when they are not converted to electronic form. But the number of filings that remain in paper form is certain to diminish over time. Most districts scan paper filings into the electronic case file, where they become available to the public in the same way as documents initially filed in electronic form. It is electronic availability, not the form of the initial filing, that raises the privacy and security concerns addressed in the E-Government Act.

The rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from public access to electronic case files. See http://www.privacy.uscourts.gov/Policy.htm. The Judicial Conference policy is that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain "personal data identifiers" are not included in the public file.

While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case. In such cases, protection may be sought under subdivision (d) or (e). Moreover, the Rule does not affect the protection available under other rules, such as Civil Rules 16 and 26(c), or under other sources of protective authority.

Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court.

The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or nonparty making the filing.

Subdivision (c) provides for limited public access in Social Security cases and immigration cases. Those actions are entitled to special treatment due to the prevalence of sensitive information and the volume of filings. Remote electronic access by nonparties is limited to the docket and the written dispositions of the court unless the court orders otherwise. The rule contemplates, however, that nonparties can obtain full access to the case file at the courthouse, including access through the court's public computer terminal.

Subdivision (d) reflects the interplay between redaction and filing under seal. It does not limit or expand the judicially developed rules that govern sealing. But it does reflect the possibility that redaction may provide an alternative to sealing.

Subdivision (e) provides that the court can by order in a particular case for good cause require more extensive redaction than otherwise required by the Rule. Nothing in this subdivision is intended to affect the limitations on sealing that are otherwise applicable to the court.

Subdivision (f) allows a person who makes a redacted filing to file an unredacted document under seal. This provision is derived from section 205(c)(3)(iv) of the E-Government Act.

Subdivision (g) allows the option to file a register of redacted information. This provision is derived from section 205(c)(3)(v) of the E-Government Act, as amended in 2004. In accordance with the E-Government Act, subdivision (g) refers to "redacted" information. The term "redacted" is intended to govern a filing that is prepared with abbreviated identifiers in the first instance, as well as a filing in which a personal identifier is edited after its preparation.

Subdivision (h) allows a person to waive the protections of the rule as to that person's own personal information by filing it unsealed and in unredacted form. One may wish to waive the protection if it is determined that the costs of redaction outweigh the benefits to privacy. If a person files an unredacted identifier by mistake, that person may seek relief from the court.

Trial exhibits are subject to the redaction requirements of Rule 5.2 to the extent they are filed with the court. Trial exhibits that are not initially filed with the court must be redacted in accordance with the rule if and when they are filed as part of an appeal or for other reasons.

*Changes Made After Publication and Comment.* The changes made after publication were made in conjunction with the E-Government Act Subcommittee and the other Advisory Committees.

Subdivision (a) was amended to incorporate a suggestion from the Federal Magistrate Judges Association that the rule text state that the responsibility to redact filings rests on the filer, not the court clerk.

As published, subdivision (b)(6) exempted from redaction all filings in habeas corpus proceedings under 28 U.S.C. §§ 2241, 2254, or 2255. The exemption is revised to apply only to pro se filings. A petitioner represented by counsel, and respondents represented by counsel, must redact under Rule 5.2(a).

Subdivision (e) was published with a standard for protective orders, referring to a need to protect private or sensitive information not otherwise protected by Rule 5.2(a). This standard has been replaced by a general reference to "good cause."

**Rule 6. Computing and Extending Time; Time for Motion Papers**

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(2) *Period Stated in Hours.* When the period is stated in hours:

(A) begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and

(C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.

(3) *Inaccessibility of the Clerk's Office.* Unless the court orders otherwise, if the clerk's office is inaccessible:

(A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or

(B) during the last hour for filing under Rule 6(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.

(4) *"Last Day" Defined.* Unless a different time is set by a statute, local rule, or court order, the last day ends:

(A) for electronic filing, at midnight in the court's time zone; and

(B) for filing by other means, when the clerk's office is scheduled to close.

(5) *"Next Day" Defined.* The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

(6) *"Legal Holiday" Defined.* "Legal holiday" means:

(A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;

(B) any day declared a holiday by the President or Congress; and

(C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.

(b) EXTENDING TIME.

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

(c) MOTIONS, NOTICES OF HEARING, AND AFFIDAVITS.

(1) *In General.* A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions: