|  |  |
|---|---|
| CRISTIAN DIAZ ORTIZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action |
| v. ) | No. 18-12600-PBS |
| ) | |
| STEVEN TOMPKINS, Suffolk County ) | |
| Sheriff; YOLANDA SMITH, ) | |
| Superintendent of Suffolk County ) | |
| Correctional Facility; TODD LYONS ) | |
| Immigration and Customs ) | |
| Enforcement, Enforcement and ) | |
| Removal Operations, Acting Field ) | |
| Office Director, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

January 29, 2019

Saris, C.J.

Petitioner Cristian Diaz Ortiz, an undocumented alien born
in El Salvador with no criminal record, has been in U.S.
Immigration and Customs Enforcement ("ICE") custody since August
20, 2018. ICE is detaining him pursuant to 8 U.S.C. § 1226(a)
while his removal proceedings are pending. At his custody
redetermination hearing, the immigration judge placed the burden
on him to prove his eligibility for release on bond and declined
to release him. The immigration judge found that he failed to
prove that he is not dangerous because a Department of Homeland

Security gang report indicated that he is affiliated with MS-13. The gang report documents instances in which the police have seen Diaz Ortiz with other suspected MS-13 members. The immigration judge also found that he failed to prove he is not a flight risk because his claims for asylum and withholding of removal are weak. Diaz Ortiz challenges the allocation of the burden of proof at his custody redetermination hearing under the Due Process Clause. The Government has moved to dismiss the habeas petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

In Pensamiento v. McDonald, this Court held that due process requires that the Government bear the burden to prove an alien's dangerousness or flight risk at a § 1226(a) custody redetermination hearing. 315 F. Supp. 3d 684, 692 (D. Mass. 2018). The Government argues that the Third Circuit's recent decision in Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274 (3d Cir. 2018), throws this holding into doubt. It does not. Borbot involved an alien detained under § 1226(a) who sought a second custody redetermination hearing at which the Government bore the burden of proof after he had been detained for more than a year during removal proceedings. Id. at 276-77. The Third Circuit rejected the alien's habeas petition on the basis that the duration of detention did not create a due process problem that required a new hearing and a shifting of

2

the burden of proof to the Government. Id. at 280. Because the alien did "not challenge the adequacy of his initial bond hearing," the court did not directly address whether due process requires that the Government bear the burden of proof at an initial § 1226(a) custody redetermination hearing. Id. at 276-77.

This Court has held that an alien has to show that the misallocation of the burden of proof could have affected the outcome of the custody redetermination hearing. Pensamiento, 315 F. Supp. 3d at 693; see also Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011) (applying the same standard). A higher burden requiring the alien to prove the misallocation would have made a difference is inappropriate in the context of claims of improper allocations of the burden of proof in immigration bond hearings. The interest at stake, namely freedom from physical restraint, "lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). And if the immigration judge denies bond, the alien may remain in detention for months and possibly years. See Jennings v. Rodriguez, 138 S. Ct. 830, 860 (2018) (Breyer, J., dissenting) (stating that class members had been detained for periods ranging from six months to 831 days while pursuing asylum).

Under this standard, Diaz Ortiz has shown prejudice from

the misallocation of the burden of proof at his custody

redetermination hearing. The primary evidence the Government

submitted to show his dangerousness was the gang report.

However, as Diaz Ortiz's expert explains, a federal regulation

permits the inclusion in the gang database of information on

suspects for whom there is only "reasonable suspicion" of

criminal conduct or activity. 28 C.F.R. § 23.20. "Reasonable

suspicion" is not tantamount to probable cause. See Alabama v.

White, 496 U.S. 325, 330 (1990). Diaz Ortiz points out that the

report labels him as a verified MS-13 member based almost

exclusively on his associations with other suspected MS-13

members, that there is no evidence he wore the gang

paraphernalia or engaged in gang activities, and that he lacks

any criminal record. The Court concludes that a shift in the

burden of proof could have made a difference in the

dangerousness analysis.

The misallocation of the burden of proof could also have

affected the immigration judge's decision on flight risk. The

immigration judge acknowledged Diaz Ortiz's "existing family

ties, employment, and prior history attending various court

proceedings" but determined that the weakness of Diaz Ortiz's

claims for relief from removal made him a flight risk. Dkt. No.

3-1 at 4-5. If the burden were on the Government, the

4

immigration judge could have weighed these factors differently and found Diaz Ortiz not to be a flight risk and/or imposed a combination of conditions of release (like GPS monitoring) to ensure his appearance.

Diaz Ortiz has raised multiple other constitutional issues which the Court does not address because the proper allocation of the burden of proof could well resolve this case.

## ORDER

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 14) is **DENIED**. The petition for writ of habeas corpus (Dkt. No. 1) is **ALLOWED**. The Court **ORDERS** that the immigration court hold a new custody redetermination hearing for Diaz Ortiz within seven calendar days.

SO ORDERED

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge