UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
CRISTIAN DIAZ ORTIZ,               )
                                   )
            Petitioner,            )
                                   )   Civil Action
       v.                          )   No. 18-12600-PBS
                                   )
YOLANDA SMITH, Superintendent of   )
Suffolk County Correctional        )
Facility,                          )
                                   )
            Respondent.            )
_____)

**MEMORANDUM AND ORDER**

June 7, 2019

Saris, C.J.

**INTRODUCTION**

Petitioner Cristian Diaz Ortiz, an undocumented alien born in El Salvador with no criminal record, has been in U.S. Immigration and Customs Enforcement ("ICE") custody since August 20, 2018. ICE is detaining him pursuant to 8 U.S.C. § 1226(a) while his removal proceedings are pending. At his first custody redetermination hearing, the immigration judge placed the burden on him to prove his eligibility for release on bond and declined to release him. Diaz Ortiz filed a petition for writ of habeas corpus in this Court alleging that this allocation of the burden of proof violated his due process rights. Following its earlier decision in Pensamiento v. McDonald, 315 F. Supp. 3d 684 (D.

1

Mass. 2018), appeal dismissed, No. 18-1691 (1st Cir. Dec. 26, 2018), the Court agreed. On January 29, 2019, the Court ordered the Government to provide Diaz Ortiz with a new custody redetermination hearing at which it bore the burden of proof to show that he is dangerous or a flight risk ("the January 29 order"). The Government filed a notice of appeal. At Diaz Ortiz's second hearing, a different immigration judge again declined to release him. Diaz Ortiz now moves to enforce the January 29 order, arguing that the immigration judge at his second hearing also failed to put the burden of proof on the Government.

## **JURISDICTION**

The Court has jurisdiction to address Diaz Ortiz's motion. The January 29 order granted a conditional writ of habeas corpus that gave the Government a chance to cure the constitutional defect in Diaz Ortiz's detention. See Herrera v. Collins, 506 U.S. 390, 403 (1993). A district court retains jurisdiction to "review compliance with its earlier order conditionally granting habeas relief." Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) (collecting cases). The fact that the Government has appealed the January 29 order does not deprive the Court of jurisdiction because Diaz Ortiz seeks only enforcement of an

already issued order.[1] See, e.g., <u>Blue Cross & Blue Shield Ass'n v. Am. Express Co.</u>, 467 F.3d 634, 638 (7th Cir. 2006) ("[T]he district court may enforce its judgment while an appeal to test that judgment's validity proceeds."); <u>In re Padilla</u>, 222 F.3d 1184, 1190 (9th Cir. 2000) ("Absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order . . . .").

That said, the Court's authority in enforcing its order is limited. Diaz Ortiz must show the immigration judge failed to place the burden of proof on the Government as required by the January 29 order. To make this showing, he can either point to the language of the immigration judge's opinion or demonstrate that "the evidence itself could not -- as a matter of law -- have supported" the immigration judge's decision to deny bond. <u>Hechavarria v. Whitaker</u>, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019).

**THE BOND DECISION**

The immigration judge's opinion demonstrates that he placed the burden of proof by a preponderance of the evidence on the Government. Although he noted in a footnote that "in most bond

---

[1] Diaz Ortiz need not exhaust administrative remedies by appealing the immigration judge's denial of bond to the Board of Immigration Appeals insofar as he argues that his hearing was again constitutionally inadequate because the immigration judge did not put the burden of proof on the Government. See <u>Pensamiento</u>, 315 F. Supp. 3d at 689.

3

proceedings, the respondent would have the burden of proving that he or she should be released,"[2] Dkt. No. 41-1 at 3 n.1, he referenced the January 29 order, explained that the Government bore the burden of proof, and stated his conclusion that the Government had met its burden. Diaz Ortiz contends that the immigration judge effectively created a presumption that the Government's evidence of his gang membership was true and persuasive by failing to acknowledge its flaws. The opinion does not support this interpretation: the immigration judge merely explained that he found that Government's evidence to be persuasive. Nor does the immigration judge's citations to Board of Immigration Appeals ("BIA") decisions that put the burden of proof on the alien demonstrate that he misallocated the burden of proof. BIA precedent requires that the burden of proof fall on the alien, In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006), so all its decisions place the burden on the alien.

The primary evidence the Government submitted to show Diaz Ortiz's dangerousness was (1) a gang report that documented his frequent associations with others suspected of being MS-13 gang members and (2) his possession of a padlock and chain in his backpack, a weapon commonly used by MS-13 members. Although the

---

[2] The Government dismissed its appeal of Pensamiento. Accordingly, the Court will apply that ruling reallocating the burden of proof to all subsequent § 1226(a) bond proceedings unless the First Circuit reaches a contrary conclusion.

gang report contains hearsay evidence, the immigration judge may rely on the opinion of law enforcement experts that Diaz Ortiz appears to be an MS-13 member if based on reliable information. Given the violent nature of the MS-13 gang, such evidence was sufficient to allow the immigration judge to find by a preponderance of the evidence that Diaz Ortiz is a danger to the community.

Diaz Ortiz seeks to undermine the probative value of the gang report, pointing out that a federal regulation permits the inclusion in the gang database of information on suspects for whom there is only "reasonable suspicion" of criminal conduct or activity. 28 C.F.R. § 23.20. However, multiple law enforcement agencies (Department of Homeland Security, FBI, Boston Police Department/Boston Regional Intelligence Center, and Boston School Police) had the opinion that he was a gang member or affiliate because he was carrying a common MS-13 gang weapon in his backpack, frequented areas notorious for MS-13 gang activity, and had contacts with known gang members/associates.[3]

---

[3] Diaz Ortiz criticizes the FBI's terse opinion because it provides no factual basis for its conclusion that he is a member of MS-13. While the lack of factual support reduces the weight to be given to the opinion, the immigration judge could consider it to the extent it corroborates other law enforcement opinions. Although the document states at the bottom that it "contains neither recommendations nor conclusions of the FBI," Dkt. No. 41-5 at 2, this appears to be pro forma language.

Diaz Ortiz also emphasizes that the immigration judge did not consider the statements from community members, neighbors, and family he submitted, but an immigration judge "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." NRLB v. Beverly Enters.-Mass., Inc., 174 F.3d 13, 26 (1st Cir. 1999). That a different immigration judge reached the opposite conclusion with respect to John Doe, who was arrested with Diaz Ortiz, does not demonstrate that this immigration judge applied the wrong burden of proof.

The immigration judge's determination that Diaz Ortiz is dangerous obviated any need for him to consider conditions of release. See Matter of Urena, 25 I. & N. Dec. 140, 141 (BIA 2009) ("Dangerous aliens are properly detained without bond."). Furthermore, the finding of dangerousness renders irrelevant any complaints Diaz Ortiz raises about the immigration judge's consideration of his flight risk. See id. ("Only if an alien demonstrates that he does not pose a danger to the community should an Immigration Judge continue to a determination regarding the extent of flight risk posed by the alien.").

Ultimately, Diaz Ortiz disagrees with the immigration judge's weighing of the evidence and exercise of discretion with respect to dangerousness. The Court does not have jurisdiction to hear such a challenge. See 8 U.S.C. § 1226(e); see also

Demore v. Kim, 538 U.S. 510, 516 (2003) (explaining that 8 U.S.C. § 1226(e) bars an alien's challenge to "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release" (internal quotation marks omitted)); Pensamiento, 315 F. Supp. 3d at 688 ("Congress has eliminated judicial review of discretionary custody determinations."). And for the reasons just described, the Court cannot say that "the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process." Pratt v. Doll, No. 3:17-cv-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019), appeal filed, No. 19-1641 (3d Cir. March 25, 2019).

## STANDARD OF PROOF

Diaz Ortiz has raised other constitutional challenges to his custody redetermination hearing. Since the Government has appealed the January 29 order, the Court does not have jurisdiction to decide these issues now. See In re Padilla, 222 F.3d at 1190 (explaining that a trial court "may not alter or expand upon the judgment" after the filing of a notice of appeal). However, the Court notes that Diaz Ortiz argued that due process requires that the Government prove his dangerousness and flight risk by clear and convincing evidence. In Pensamiento, this Court declined to adopt the clear and convincing standard but did not rule out the possibility that it

7

is required by due process. See 315 F. Supp. 3d at 693. Since the Supreme Court's decision in Jennings v. Rodriguez, 138 S. Ct. 830 (2018), and after Pensamiento, the Third Circuit has ruled that the proper burden is clear and convincing evidence for aliens detained under 8 U.S.C. § 1231(a)(6), see Guerrero-Sanchez v. Warden York Cty. Prison, 905 F.3d 208, 224 & n.12 (3d Cir. 2018), and numerous district courts have imposed a clear and convincing standard on the Government for § 1226(a) detainees, see, e.g., Calderon-Rodriguez v. Wilcox, -- F. Supp. 3d --, 2019 WL 486409, at *1 n.8 (W.D. Wash. 2019); Darko v. Sessions, 342 F. Supp. 3d 429, 435-36 (S.D.N.Y. 2018). Because the January 29 order is on appeal, the Court has no jurisdiction to address this issue in light of the new caselaw but notes that requiring the Government to prove Diaz Ortiz's dangerousness by clear and convincing evidence could have made a difference in the outcome of the custody redetermination hearing.

**ORDER**

Diaz Ortiz's motion to enforce the conditional writ of habeas corpus (Dkt. No. 39) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
Chief United States District Judge